UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
MARK GILLIS

                        Plaintiff

      -against-                                               COMPLAINT
                                                                 PLAINTIFF DEMANDS
                                                                 TRIAL BY JURY


THE CITY OF NEW YORK, SGT. ALBERT ANZELONE
POLICE OFFICER ANDREW BABAJKO
and POLICE OFFICER JOHN DOE 1-10                           13-cv-6786

                        Defendants
---------------------------------------------------------------------------X

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
                                       MARK GILLIS

     1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, arrested and falsely imprisoned the plaintiffs.

     2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1383 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law. The amount in controversy exceeds $75,000.00 excluding costs and attorney's fees.

     3. That at all times hereinafter mentioned, the plaintiff MARK GILLIS was and still is a resident of the City & State of New York.

     4. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

5. That the defendants POLICE OFFICERS JOHN DOE 1-10 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

6. That the defendant SGT. ANDREW ANZELONE was and is an agent, servants & employee of the defendant THE CITY OF NEW YORK.

7. That the defendant POLICE OFFICER ANDREW BABJAKO was and is an agent, servants & employee of the defendant THE CITY OF NEW YORK.

8 . That on or about the 5th day of July, 2013, the plaintiff MARK GILLIS was lawfully at or near York Avenue & near its intersection with Richmond Terrace in the County of Richmond, City & state of New York..

9. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, and assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions.

10. That by reason of the foregoing the plaintiff suffered serious and severe personal injuries, the full nature and extent of which have yet to be fully determined, including but not limited to injuries to his leg, knee & ankle, .some of which, upon information & belief, are permanent in nature.

11. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

   AS AND FOR A SECOND CAUSE OF ACTION ON
   BEHALF OF THE PLAINTIFF MARK GILLIS

12. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

13. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable

search & seizure, from warrantless search & seizure, from use of excessive force, assault & battery, summary punishment without trial & due process of law.

14. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

15. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

        AS AND FOR A THIRD CAUSE OF ACTION
        ON BEHALF OF THE PLAINTIFF MARK GILLIS

16. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

17. The defendant THE CITY OF NEW YORK was careless reckless and negligent in the selection, investigation, hiring, training, supervision and direction of their employees, and in particular, the individually named defendants.

18. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

        AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF
        OF THE PLAINTIFF MARK GILLIS

19.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

21.. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

22. Upon information & belief, the City of New York, at all relevant times, was aware that

the defendants and other members of the NYPD, and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

23. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

24. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

25. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

26. .In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

27. Particularly in Richmond County, that has been a patter of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Souther Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including

a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits

28. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

29. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

30.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

31. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

32. As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

    a. Compensatory damages in an amount which this Court shall consider to be just and fair:

    b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

    c. Attorney's fees in an amount which this Court shall consider just & fair;

    d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

September 21, 2013..

.                        /s/

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
MICHAEL COLIHAN (MC-0826)

        Attorney for the Plaintiff
            44 Court Street
            Suite 906
            Brooklyn, NY 11201
            (718) 488-7788