UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MARK GILLIS

                     Plaintiff                            THIRD AMENDED
    -against-                                             COMPLAINT
                                                                PLAINTIFF DEMANDS
                                                                TRIAL BY JURY

THE CITY OF NEW YORK, SGT. ALBERT ANZELONE
POLICE OFFICER ANDREW BABAJKO, SGT. DEONARINE
SINGH, POLICE OFFICER JUSTIN SOLOMON
and POLICE OFFICER JOHN DOE 1-10                      13-cv-6786

                           Defendants


MICHAEL COLIHAN- ATTORNEY AT LAW
                                                                       44 Court Street
                                                                           Suite 906
                                                                Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
MARK GILLIS

                            Plaintiff                    SECOND AMENDED
     -against-                                            COMPLAINT
                                                                    PLAINTIFF DEMANDS
                                                                    TRIAL BY JURY


THE CITY OF NEW YORK, SGT. ALBERT ANZELONE
POLICE OFFICER ANDREW BABAJKO, SGT. DEONARINE
SINGH, POLICE OFFICER JUSTIN SOLOMON
and POLICE OFFICER JOHN DOE 1-10                          13-cv-6786

                           Defendants
-----------------------------------------------------------------------------X

       The plaintiff, MARK GILLIS, by his attorney MICHAEL COLIHAN, complaining of the defendants above named, sets forth and alleges as follows:


## PRELIMINARY STATEMENT

1. This is a civil action for compensatory damages, punitive damages and attorney's fees brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without just or probable cause, assaulted and injured the plaintiff.


## JURISDICTION

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law. The amount in controversy exceeds $75,000.00 excluding costs and attorney's fees.

## VENUE

3. Venue is properly laid in the Southern District of New York as per a prior decision of this Court dated MORE

## DEMAND FOR A TRIAL BY JURY

4. The plaintiff respectfully demands a trial by jury of each and every issue in this matter pursuant to the Federal Rules of Civil Procedure 38 (b).

## PARTIES

5. That at all times hereinafter mentioned, the plaintiff MARK GILLIS is an African American male and was and still is a resident of the City & State of New York.

6. That the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

7. That the defendant THE CITY OF NEW YORK operates, maintains, manages and controls the New York City Police Department ( referred to hereinafter as the NYPD ), which is a duly authorized police department and/or police agency authorized to perform all the functions of a police department including patrol, the making of arrests, etc. as per the applicable sections of law including but not limited to the Administrative Code of the City of New York.

8.   That the defendant SGT. ANDREW ANZELONE was and is a duly sworn police officer of the NYPD and was acting under the supervision, management and control of the NYPD and as such was and is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

9. That the defendant POLICE OFFICER ANDREW BABAJKO was and is a duly sworn police officer of the NYPD and was acting under the supervision, management and control of the NYPD and as such was and is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

10. That the defendant DEONARINE SINGH was and is a duly sworn police officer of the NYPD and was acting under the supervision, management and control of the NYPD and as such was and is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

11. That the defendant POLICE OFFICER JUSTIN SOLOMON was and is a duly sworn police officer of the NYPD and was acting under the supervision, management and control of the NYPD and as such was and is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

12. That the defendants POLICE OFFICERS JOHN DOE 1-10 were and are duly sworn police officers of the NYPD and was acting under the supervision, management and control of the NYPD and as such was and is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

13. That at all times hereinafter mentioned, the aforementioned defendants, either personally or through their agents, servants and employees, were acting under color of state law and/or in compliance with the official regulations, rules, statutes, laws, customs, usages and/or practices of the State of New York and/or the City of New York.

**FACTS**

14. That on or about the 5th day of July, 2013, the plaintiff MARK GILLIS was lawfully at or near York Avenue & near its intersection with Richmond Terrace in the County of Richmond, City & state of New York. The plaintiff was outside on the block where he resides.

15. At the aforesaid time and place the plaintiff was committing no crime or offense and not acting in a suspicious manner .

16. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, and assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions.

17. To justify their unlawful actions and assault upon the plaintiff MARK GILLIS the individual defendant officers SGT. ANDREW ANZELONE , DEONARINE SINGH, POLICE OFFICER ANDREW BABAJKO , POLICE OFFICER JUSTIN SOLOMON and POLICE OFFICER JOHN DOE 1-10 participated in falsifying, creating and manufacturing false and perjurious evidence against the plaintiff MARK GILLIS.

18. That by reason of the foregoing the plaintiff suffered serious and severe personal injuries, the full nature and extent of which have yet to be fully determined, including but not limited to injuries to his arm, some of which, upon information & belief, are permanent in nature.

19. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

20. The incident described above is not an isolated incident. The defendant the City of New York is aware, by reason of numerous lawsuits brought not only in New York State Supreme Court but the United States District Courts for the Eastern and Southern Districts of New York, ( some of which are set forth below) as well as complaints filed with the NYPD's Internal Affairs Bureau and the CITY OF NEW YORK'S Civilian Complaint Review Board, that many NYPD employees, including the individually named defendants herein, are inadequately

and improperly trained and/or supervised in many areas of their employment including but not limited to , the following: the basis for arrests and prosecutions, the use of force, the excessive use of force, and engage in a practice and pattern of falsely arresting and unjustifiably assaulting individuals for personal and improper gain including promotion and other advancement in their employment, gaining overtime compensation ( known in the NYPD as "collars for dollars") and or other unlawful objectives outside and contrary to the ends of justice, and engaging in illegal practices of making false and perjurious allegations to justify their abuse of authority and criminal activities.

      21. The defendant the CITY OF NEW YORK is further aware and on notice that such improper training, supervision, screening and hiring has often resulted in the violations of the civil rights of many people. Despite such notice which took numerous forms, including but not limited to numerous lawsuits brought not only in New York State Supreme Court but the United States District Courts for the Eastern and Southern Districts of New York, ( some of which are set forth below) as well as complaints filed with the NYPD's Internal Affairs Bureau and the CITY OF NEW YORK'S Civilian Complaint Review Board, the defendant The City of New York has failed to take corrective action. In addition, the managers of the City of New York & the NYPD knew of numerous arrests and criminal charges brought by its police officers and employees in the 120th Precinct on Staten Island which were dismissed by the Richmond County District Attorney. Many of these matters involved false drug charges and in almost all the persons arrested were African American or Hispanic. The information contained in this complaint regarding the numerous civil actions for civil rights violations, almost all of which were settled by the City of New York, are matters of public record and paced
the managers of the NYPD on notice that many of its officers were abusing the rights of many individuals This failure to act has caused the violation of the plaintiff's civil rights by the defendants that is the subject of this complaint.

## FEDERAL CLAIMS

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**

## MARK GILLIS

22.. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

23. All of the aforementioned acts complained of by the defendants, their agents, servants and employees were carried out under color of state law.

24 . All the defendants, their agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983.

25. All the acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers and agents, servants and employees of the defendant the CITY OF NEW YORK, with the total and entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers and agents, servants and employees of the defendant the CITY OF NEW YORK, pursuant to the customs, practices, policies, usages, procedures, rules and regulations of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking and senior, supervisory officer of said police department.

27. Defendants, on an individual and collective basis, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure and/or rule of the CITY OF NEW YORK, which is forbidden and prohibited by the United States Constitution.

28. By reason of the foregoing, the plaintiff MARK GILLIS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages in a sum to be decided by a jury, and in addition, reasonable attorney's fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MARK GILLIS
### Failure to Intervene under 42 U.S.C. Section 1983

29  Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

30. Defendants had an affirmative duty to intervene on behalf of the plaintiff MARK GILLIS, whose constitutional rights were being violated by reason of an unjustified assault in the presence of other agents, servants and employees of the defendant THE CITY OF NEW YORK.

31. The defendants failed to intervene to prevent the unlawful conduct, including but not limited to the assault complained of, as described herein.

32. As a result of the foregoing, the plaintiff MARK GILLIS was assaulted and injured, he was put in fear of his safety, and suffered physical injuries, some of which are permanent in nature

33. By reason of the foregoing, the plaintiff MARK GILLIS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages in a sum to be decided by a jury, and in addition, reasonable attorney's fees, costs and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MARK GILLIS
### Deprivation of Substantive Due Process under 42 U.S. C. Section 1983

34.Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

35. The defendant's conduct herein was an abuse of executive power so clearly and completely unjustified and unlawful that it could no way be considered to be a legitimate objective of law enforcement and as such is barred and forbidden by the Fourteenth Amendment

of the Constitution of the United States.

36. As a result of the foregoing, the plaintiff MARK GILLIS was deprived of his liberty, and in addition his right to substantive due process, causing emotional and physical injuries.

37. By reason of the foregoing, the plaintiff MARK GILLIS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages in a sum to be decided by a jury, and in addition, reasonable attorney's fees, costs and disbursements.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF MARK GILLIS
### Supervisory Liability under 42 U.S. C. Section 1983

38. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

39. The supervisory defendants personally caused the constitutional injuries to the plaintiff MARK GILLIS by being consciously or deliberately indifferent to the rights of other individuals in failing to properly supervise and train aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions.

40 . By reason of the foregoing, the plaintiff MARK GILLIS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages in a sum to be decided by a jury, and in addition, reasonable attorney's fees, costs and disbursements.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF
### OF THE PLAINTIFF MARK GILLIS

## Municipal Liability under 42 U. S. C. Section 1983

41. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

42. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

43. Defendants, collectively and individually, which acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of THE CITY OF NEW YORK, and/or NYPD which directly caused the constitutional violations suffered by the plaintiff.

44. The customs, policies, usages, procedures and rules of the NYPD included, but were not limited to, inadequate screening, hiring, investigation, monitoring, training and supervision of its agents, servants and employees, as well as a custom and practice of falsification and perjury that was the direct cause of the constitutional violations which are the subject of this complaint. Further, the CITY OF NEW YORK, its managers, agents, and employees were on notice of widespread abuses by NYPD officers against civilians by virtue of the fact that there were numerous lawsuits brought against its officers, particularly in the 120th Precinct in Staten Island against persons of color and particularly for drug offenses. In nearly all, if not all of these cases, venued not only in New York State Supreme Court but the United States District Courts for the Eastern and Southern Districts of New York, the Law Department of the City of New York defended the lawless police officers committing the abuses but settled the cases brought against the defendant police. In addition, the Richmond County District Attorney routinely dismissed numerous criminal matters brought under the aforementioned circumstances. Finally, the defendant police completed a form known as a Request for Departmental Representation, which placed supervisor officials on notice of the aforementioned abuses.

45. The CITY OF NEW YORK , at all relevant times, was aware that the defendants and

other members of the NYPD, and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

46. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

47. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

48. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

49. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

50. Particularly in Richmond County, that has been a patter of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Southern Districts of New York:  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who

was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407  Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits

51. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

52.  The foregoing customs, policies, usages, practices, procedures and rules of THE

CITY OF NEW YORK and the NYPD constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff MARK GILLIS.

53. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the NYPD were the moving force and cause behind the Constitutional violations suffered by the plaintiff MARK GILLIS .

54. Defendants, collectively and individually, while acting under color of state law were directly and actively involved in violating the constitutional rights of the plaintiff MARK GILLIS.

55. All of the foregoing acts by the aforementioned defendants deprived the plaintiff MARK GILLIS of federally protected rights, including, but not limited to, the following a) not to be deprived of liberty without due process of law b) to be free from false arrest and unlawful imprisonment © to be free from malicious prosecution d) to be free from the deprivation of his right to a fair trial e) to have supervisory officers of the NYPD intervene when his rights were being violated ( to not suffer physical injury by reason of unlawful assault.

56. By reason of the foregoing, the plaintiff MARK GILLIS is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages in a sum to be decided by a jury, and in addition, reasonable attorney's fees, costs and disbursements.

**AS AND FOR A SIXTH CLAIM ON BEHALF OF MARK GILLIS**
False Arrest/Unlawful Imprisonment/ MALICIOUS PROSECUTION under 42 U.S.C. Section 1983

57. Plaintiff, MARK GILLIS. repeats the foregoing allegations

58. The Defendants arrested the plaintiff MARK GILLIS. without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

58. The individually named defendants caused plaintiff MARK GILLIS to be falsely arrested and unlawfully detained.

59. The plaintiff was falsely charged with Resisting Arrest and Unlawful Possession of Marijuana under Richmond County Criminal Court Docket # 2013RI005435.

60. That the plaintiff was forced to make numerous court appearances despite the fact that the defendants knew the charges against him were false until the matter was eventually dismissed on April 6, 2015 in JP- 1 in Richmond County Criminal Court

61. By reason of the foregoing, the plaintiff is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, the plaintiff MARK GILLIS respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and

further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

April 6, 2015

.               /s/     This is an electronic signature

--------------------------------------------
MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201
(718) 488-7788